UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER PAGE,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Civil Action No. 17-13716
HON. Linda V. Parker
U.S. District Judge
HON. R. STEVEN WHALEN
U.S. Magistrate Judge

## **OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE**

Plaintiff Jennifer Page ("Plaintiff") brings this action under 42 U.S.C. §405(g), challenging a final decision of Defendant Commissioner ("Defendant") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.[1] On August 9, 2018, Plaintiff filed a motion for leave to file an amended complaint. For the reasons set forth below, Plaintiff's motion is DENIED [Docket #20].

Plaintiff contends that "significant factual and legal developments" have occurred since she filed the complaint. *Plaintiff's Brief,* 2, *Docket #20,* Pg ID 852 (*citing Lucia et al. v. SEC,* 138 S.Ct. 2044 (June 21, 2018); *Jones Brothers v. Sec'y of Labor,* 898 F.3d 669 (6th

---

[1] Plaintiff and Defendant filed summary judgment motions on March 13, 2018 and June 7, 2018 respectively which have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

-1-

Cir. July 21, 2018)). Plaintiff seeks leave to add the allegation that the Administrative Law Judge ("ALJ") charged by Defendant to adjudicate the DIB claim was unconstitutionally appointed and that the hearing was "fundamentally insufficient." *Plaintiff's Brief* at 3.

**STANDARD OF REVIEW**

Motions to amend are governed by Fed.R.Civ.P. 15(a)(2), which provides that a court may "freely give leave [to amend a pleading] when justice so requires." This Rule reaffirms the principle that cases should be tried on their merits "rather than [on] the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir.1986)(*quoting Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982)). Notwithstanding this general rule of liberality, if a proposed amendment would not survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court may also disallow the amendment as futile. *Thiokol Corp. v. Dept. of Treasury*, 987 F.2d 376, 382 (6th Cir.1993).

**ANALYSIS**

**A. The Effect of *Lucia* on the Appointment of Defendant's ALJs**

Plaintiff's motion for leave to amend her complaint is based on *Lucia et al. v. SEC,* 138 S.Ct. 2044 (June 21, 2018) which holds that ALJs of the Securities and Exchange Commission are "Officers of the United States" within the meaning of the Appointments Clause of the Constitution and must be appointed by the President, a court of law, or department head.[2] *Lucia*, 138 S. Ct. at 2051. The Court held that Lucia raised a timely

---

[2] Article II § 2 of the Constitution states in relevant part that "Congress may by Law vest the

challenge to the constitutionality of the ALJ's appointment while the case was at the administrative level and was entitled to a remand for a hearing by a properly appointed ALJ. "'[O]ne who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief." *Id.* at 2055(*citing Ryder v. United States*, 515 U.S. 177, 182, 115 S.Ct. 2031, 132 L.Ed.2d 136 (1995)). On July 23, 2018, the Solicitor General released a memorandum acknowledging that while *Lucia* addressed only the "constitutional status" of ALJs for the SEC, "the Department of Justice understands the Court's reasoning . . . to encompass all ALJs in traditional and independent agencies who preside over adversarial administrative proceedings and possess the adjudicative powers highlighted by the *Lucia* majority." *Docket #20-3* at 2. The memorandum states that going forward, "ALJs must be appointed (or have their prior appointments ratified) in a manner consistent with the Appointments Clause . . ." *Id.* at 2-3.[3]

### B. The Present Motion

Plaintiff seeks to amend the original complaint to account for "significant factual and legal developments that have occurred" since filing suit on November 15, 2017. *Plaintiff's Brief* at 2 (*citing Lucia, supra*; *Jones Brothers v. Sec'y of Labor*, — F. 3d —, 2018 WL 369059 (6th Cir. July 31, 2018)). She contends that she was unable to raise the Appointments

---

Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments."

[3]Defendant does not dispute that the ALJ presiding at her administrative hearing was not appointed in a manner consistent with *Lucia*.

Clause argument at the administrative level or earlier in the current briefing schedule due to the fact that *Lucia* was not filed until June 18, 2018 and because of "Defendant's continued concealment of facts" relating to whether the ALJ presiding at the SSA administrative hearing was constitutionally appointed. *Id.* Consistent with the remedy granted in *Lucia,* 138 S. Ct. at 2055, Plaintiff seeks remand to the administrative level before an "ALJ who has been appointed in a manner satisfying the Appointments Clause." *Docket #20-2* at 4. Citing *Jones Brothers,* Plaintiff contends that her failure to raise the constitutional issue at the administrative level should be excused. *Plaintiff's Brief* at 2, 9.

In *Jones Brothers,* a company hired to perform road repairs disputed civil penalties imposed by the Mine Safety and Health Administration for failing to comply with the agency's safety requirements. *Id.* at 671-672. The plaintiff did not raise an Appointments Clause argument before the ALJ assigned to its case but later in arguing before the Commission (appeal review within the administrative process), the plaintiff pointed out in a footnote that "there is currently a split among the Circuit Courts of Appeal as to whether administrative law judges, who are not appointed by the President, may constitutionally decide cases brought before them." *Id.* at 673.

The Sixth Circuit found that the plaintiff forfeited the Appointments Clause argument at the administrative level by acknowledging but failing to "press" the issue of whether the appointment procedure for ALJs was constitutional as applied. *Id.* at 677. However, the Court excused the forfeiture, noting that the plaintiff was uncertain as to whether the

Commission had authority to rule on its constitutional claim. *Id.* at 678 ("That is a reasonable statement from a petitioner who wishes to alert the Commission of a constitutional issue but is unsure . . . just what the Commission can do about it"). The Court found that the plaintiff's reasonable uncertainty, coupled with its acknowledgment (if not developed argument) of the constitutional issue at the administrative level provided grounds for excusing the forfeiture. *Id.* at 678  Citing *Lucia,* the Sixth Circuit vacated the Commission's decision and remanded the case to the administrative level, "[b]ecause the administrative law judge was an inferior officer of the United States, and because she was not appointed by the President, a court of law, or the head of a department, as the Constitution demands." *Jones Brothers* at 672.

As in *Jones Brothers,* the current challenge pertains to the Defendant's appointment duties under the applicable statutes as applied.  "Commissioner of Social Security is permitted to 'assign duties, and delegate, or authorize successive redelegations of, authority to act and to render decisions, to such officers and employees of the Administration as the Commissioner may find necessary.'" *Davidson v. Commissioner of Social Security*, 2018 WL 4680327, at *2 (M.D.Tenn. September 28, 2018)(*citing* 42 U.S.C. § 902(a)(7))(holding that the plaintiff had waived her "as applied" claim under the Appointments Clause by failing to raise it at the administrative level). "The Social Security Administration may 'appoint as many administrative law judges as are necessary for proceedings required to be conducted....'" *Id.* (*citing* 5 U.S.C. § 3105). Because "'[t]he Social Security Administration

has not published a regulation or rule that governs how it appoints judges,'" the current case is properly characterized as an "as applied" challenge. *Id.* (*citing Lucia*, 138 S. Ct. at 2058 (Thomas, J., concurring)).

The facts of this case do not warrant making an exception to the general rule that the failure to bring as-applied claims at the administrative level results in waiver. First, Plaintiff's argument that he was unaware of the constitutional inadequacy of the presiding ALJ while the case was at the administrative level is unavailing. Although the administrative process in *Jones Brothers* predates the current case, the *Jones Brothers* plaintiff noted a "circuit split" on the issue of the appointment of ALJs while its case was still at the administrative level. In contrast, current Plaintiff failed to raise, much less develop the Appointments Clause issue at the administrative level although the split in authority occurred long before the application for benefits was considered by the Appeals Council.[4] Second, while Plaintiff claims that she did not receive an opportunity to make a constitutional challenge at the administrative level, she did not challenge the validity of the ALJ's appointment in either her prehearing brief, at the hearing. or before the Appeals Council. In defense of his failure to raise the level at the administrative level, Plaintiff cites an August 6, 2018 Social Security memorandum stating that ALJ's are "not to respond" to constitutional

---

[4]The split in authority regarding the appointment of ALJs was acknowledged on December 27, 2016 in *Bandimere v. Securities and Exchange Commission,* 844 F.3d 1168, 1188 (10th Cir. 2016).

challenges to their appointments.[5]  However, the same memorandum states that such challenges may be brought before the Appeals Council:

> If a claimant or representative files a timely Appointments Clause challenge and timely requests Appeals Council review, the AC will consider the challenge in the context of the facts of the case (including, but not limited to, the date of the ALJ decision and the date the challenge was raised) in determining whether there is a basis to grant review. The AC will determine whether granting review is appropriate under 20 CFR 404.970 or 416.1470, or both, when considering both the decision on the merits and any potentially unresolved Appointments Clause issues. ¶ In those matters where a timely Appointments Clause challenge to an ALJ decision issued prior to July 16, 2018 is raised to the Appeals Council in a proper request for review, the AC will grant review and issue a decision or order remand, as appropriate.

Moreover, a regulation in effect long prior to the events in question states that claimants may receive an expedited appeals process to challenge a "provision in the law that you believe is unconstitutional."[6] 20 C.F.R. § 404.924(d). The administrative transcript shows that Plaintiff submitted additional medical evidence for Appeals Council review as late as August 14, 2017 (Tr. 19). However, she did not challenge the validity of the ALJ's appointment although the circuit split occurred well over six months earlier. Because Plaintiff failed to make an argument or even note a split of authority pertaining to the appointment of the ALJ at any point in the administrative procedure, the *Jones Brothers* holding cannot be extended to the

---

[5]https://secure.ssa.gov/apps10/reference.nsf/links/08062018021025PM. (Last visited October 19, 2018).

[6]Although the language of the statute appears to refer to facial challenges to a statute, regulation, or rule, it establishes, at a minimum, that the Appeals Council is able to consider constitutional challenges.

facts of the present case. "Courts 'generally expect parties . . . to raise their as-applied or constitutional-avoidance challenges' at the administrative level and 'hold them responsible for failing to do so.'" *Davidson* at *1 (*citing Jones Brothers,* 898 F.3d at 676). As of this date, the courts that have considered the issue have unanimously rejected attacks on the validity of the ALJ's appointment under *Lucia* brought under 42 U.S.C. 405(g) where the claimant failed to make a constitutional challenge at the administrative level. *See Stearns v. Berryhill*, 2018 WL 4380984, at *6 (N.D.Iowa September 14, 2018); *Garrison v. Berryhill*, 2018 Wl 4924554, at *2 (W.D.N.C. October 10, 2018); *Davidson, supra,* at *2; *Salmeron v. Berryhill*, 2018 WL 4998107, at *3 (C.D.Cal. October 15, 2018).

For overlapping reasons, Plaintiff's claim that her ability to challenge the ALJ's appointment was due to "Defendant's continued concealment of facts" does not present grounds for remand. Plaintiff notes that the ALJ assigned to her claim was referred to as an administrative law judge in various notices related to the disability claim and that news media reports pertaining to Defendant's ALJs imply that they were lawfully appointed. *Plaintiff's Brief* at 2. However, she fails to identify to any affirmative misrepresentation made by Defendant or allege that any of the media references prior to the July, 2018 news release make claims related to the manner of the ALJs' appointment. Her claim that Defendant willfully concealed that its ALJs were not properly appointed does not warrant a remand.

As such, Plaintiff's motion to amend her complaint will be denied as futile.

## CONCLUSION

Accordingly, Plaintiff's motion for leave to file an amended complaint [Docket #20] is DENIED.

IT IS SO ORDERED.

Dated: October 31, 2018                s/R. Steven Whalen
                                       R. STEVEN WHALEN
                                       UNITED STATES MAGISTRATE JUDGE

---

## CERTIFICATE OF SERVICE

I hereby certify on October 31, 2018 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on October 31, 2018.

                                       s/Carolyn M. Ciesla
                                       Case Manager for the
                                       Honorable R. Steven Whalen